FILED
United States Court of Appeals
Tenth Circuit

June 12, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAIME TELLEZ-CASTREJON, a/k/a
Jaime Saucedo,

    Defendant - Appellant.

No. 16-1353
(D.C. No. 1:16-CR-00149-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

After entering into a plea agreement that included a broad appeal waiver,

Defendant Jaime Tellez-Castrejon pleaded guilty on May 25, 2016, to one count of illegal

reentry of a previously removed alien following a felony conviction. *See* 8 U.S.C.

§ 1326(a) and (b)(1). He was sentenced on August 25, 2016, to 18 months'

imprisonment. Falling well below the 10-year maximum, the sentence sat at the bottom

of the advisory guidelines range of 18 to 24 months. Despite the appeal waiver,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant filed an appeal challenging his sentence as substantively unreasonable. In its response brief, the government requests this court to enforce the waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the request and dismiss this appeal.

*Hahn* set forth three factors to consider in evaluating an appeal waiver: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. We need not address the factors because the opening brief submitted by counsel for Defendant does not address the appeal waiver (other than noting that the government had not filed a motion to enforce it) and no reply brief was filed. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (declining to address *Hahn* factor not contested by defendant). But in any event, our independent review of the record confirms that all *Hahn* factors support enforcing the waiver.

First, the issue raised by Defendant falls within the scope of the appeal waiver. The waiver provides:

> The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 10; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may

2

> appeal on any ground that is properly available in an appeal that follows a guilty plea.

Plea Agreement, R., Vol. I at 7. The sentence imposed on Defendant does not trigger either the first or second exception to the waiver—(1) the sentence falls below the statutory maximum, and (2) it was calculated based on an offense level of nine. And the third exception does not apply because the government has not appealed the sentence.

Second, the record reflects that Defendant knowingly and voluntarily waived his right to appeal. The plea agreement that he signed shows both that he understood that he had a right to appeal and that he chose to "knowingly and voluntarily" waive most of that right. *Id.* Before pleading guilty he also signed an additional document in which he acknowledged that he had agreed to be bound by the appeal waiver in the plea agreement. Moreover, the district court confirmed with him at the plea hearing that he understood the nature of the charge and the maximum penalty, that he understood the consequences of the appeal waiver, and that he was entering his plea voluntarily. The court also confirmed that the plea agreement and the additional document were presented to him in Spanish. Finally, we see nothing to suggest that enforcement of the appeal waiver would cause a miscarriage of justice.

We **GRANT** the government's request to enforce the appeal waiver and **DISMISS** this appeal.

Entered for the Court

Harris L Hartz
Circuit Judge

3